UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

JUAN P. LOPEZ,                                            Case No. 7-03014749 JA

    Debtor.

DOLORES LOPEZ,

    Plaintiff,

v.                                                                    Adv. No. 08-01182 J

JUAN P. LOPEZ,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment ("Defendant's Motion") filed July 15, 2009, see Docket No. 8, and Plaintiff's Counter Motion for Summary Judgment ("Plaintiff's Motion") filed August 13, 2009. *See* Docket No. 11.

Upon review of Defendant's Motion and Plaintiff's response thereto, the Court concludes that Defendant's Motion is not well taken, and should be denied. Upon review of Plaintiff's Motion and Defendant's response thereto, the Court finds that Plaintiff did not support her motion as required under Fed.R.Bankr.P. 7056, and, therefore, denies Plaintiff's Motion.

BACKGROUND

On October 30, 2008, Plaintiff filed her Complaint to Determine Dischargeability of Debt Under 11 U.S.C. §523(A)(15). Plaintiff alleges that an indemnity obligation of

Defendant, her former husband, under a marital settlement agreement to pay a debt to a credit card issuer is nondischargeable under 11 U.S.C. § 523(A)(15).[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. The party requesting summary judgment must demonstrate to the Court that the undisputed facts entitle the movant to judgment as matter of law.[2] The party opposing summary judgment may not rest upon allegations or denials contained in its own pleading, but must "set out specific facts showing a genuine issue for trial." Rule 56(e)(2), Fed.R.Civ.P. In determining whether summary judgment should be granted, the Court must view the facts in the light most favorable to the party opposing summary judgment.[3]

Because Fed.R.Civ.P. 56(c) and 56(e) require, before summary judgment may issue, a determination that the movant is entitled to judgment as a matter of law on a motion properly made and supported, even if no objection to the motion is made the court

---

[1] Following a Status Conference held October 8, 2009, the parties filed a Stipulation Regarding Authenticity of Exhibits in which the parties stipulated that although none of the exhibits to the respective summary judgment motions were officially authenticated as required by Federal Rule of Evidence 902, each of the exhibits attached to their respective summary judgment motions is an authentic copy of the document on file with the state court, and may be considered by this Court in ruling on the summary judgment motions. *See* Docket No. 16.

[2] *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). ("[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact.").

[3] *Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 2007)("When applying this standard, we are instructed to 'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' "); *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (10th Cir. 1995).(quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)(internal quotation marks omitted); *Henderson v. Inter-Chem Coal Co.,* 41 F.3d 567, 569 (10th Cir. 1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party . . .").

must still consider the motion on the merits.[4] Further, failure to respond to a motion for summary judgment does not result in the admission of any facts not controverted by a response if the movant submitted no evidence to support those facts.[5] Courts must review the evidentiary materials submitted in support of a motion for summary judgment to ensure that the motion is supported by evidence.[6] Thus only when a motion for summary judgment is properly supported by evidence will the complete failure of the non-moving party to respond result in an admission of all material facts for purposes of granting summary judgment.

## UNDISPUTED FACTS

Plaintiff commenced an action against Defendant in state court seeking to dissolve the marriage between them, styled *Dolorez Lopez v. Juan P Lopez*, New Mexico District Court, Second Judicial District, No. DM 99-02336 (the "State Court Action"). The parties entered into a Marital Settlement Agreement, filed of record in the State Court Action on

---

[4] *See United States v. One Piece of Real Property Located At 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004) (finding that the district court could not grant summary judgment based merely on the fact that no objection to the motion was made).

[5] *See, e.g. D.H. Blair & Co., Inc. v. Gottidiener*, 462 F.3d 95, 110 (2nd Cir. 2006) ("If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*")(quoting *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.,* 373 F.3d 241, 244 (2nd Cir. 2004)(emphasis in original)); *One Piece of Real Property,* 363 F.3d at 1101-1102 (same); *Jaroma v. Massey,* 873 F.2d 17, 20 (1st Cir. 1989)(per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact."); *John v. State of Louisiana (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698, 708 (5th Cir. 1985)(the movant has the burden of demonstrating the absence of a material fact even if no response to the summary judgment motion is made).

[6] *See, e.g. D.H. Blair & Co., Inc. v. Gottidiener*, 462 F.3d 95, 110 (2nd Cir. 2006) ("If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*")(quoting *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.,* 373 F.3d 241, 244 (2nd Cir. 2004)(emphasis in original)); *One Piece of Real Property,* 363 F.3d at 1101-1102 (same); *Jaroma v. Massey,* 873 F.2d 17, 20 (1st Cir. 1989)(per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact."); *John v. State of Louisiana (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698, 708 (5th Cir. 1985)(the movant has the burden of demonstrating the absence of a material fact even if no response to the summary judgment motion is made).

August 20, 1999. Under the Marital Settlement Agreement, Defendant agreed to pay certain credit card debt owed to Providian Visa (the "Credit Card Debt") or to become solely liable for the debt, and to indemnify Plaintiff with respect to the Credit Card Debt (the Indemnity Obligation"). *See* Martial Settlement Agreement, ¶¶III.A.2.a and III.c.

Plaintiff filed a Motion to Enforce Marital Settlement Agreement in the State Court Action, alleging that Defendant failed to pay the Credit Card Debt or become solely liable for the debt in breach of the Indemnity Obligation. On September 24, 2008, the State Court found that the credit card issuer obtained a judgment against Plaintiff for the full amount of the credit card debt, which Plaintiff paid. The State Court further found that Defendant did not notify Plaintiff of Defendant's bankruptcy case in time for Plaintiff to file a timely proof of claim and directed Plaintiff to seek a determination in bankruptcy court as to whether the Credit Card Debt is dischargeable.

Instead of seeking such a determination in the bankruptcy court, on May 14, 2009, Plaintiff filed a Second Motion to Enforce Marital Settlement Agreement in which the Plaintiff stated:

> Petitioner is willing to concede that the debt would have been discharged in Respondent's bankruptcy proceeding in June 2003 and ultimately Petitioner would have been responsible for same; however, had Petitioner been given notice of the bankruptcy proceedings and had an opportunity to timely file a proof of claim, the debt would have been paid in June 2003 not in July 2007.

Plaintiff then argued that the State Court should enter an order requiring Defendant to pay her the difference between the amount of the Credit Card debt in June 2003 and the amount she paid in July 2007, plus attorney's fees and costs.

-4-

DISCUSSION

Defendant's Motion for Summary Judgment

In his Motion for Summary Judgment, Defendant asserts that Plaintiff admitted in the Second Motion to Enforce Marital Settlement Agreement that any obligation of Defendant to pay the Credit Card Debt was dischargeable in Defendant's bankruptcy case, and that under the doctrine of judicial admissions Defendant is entitled to entry of summary judgment determining that the Indemnity Obligation is nondischargeable.

Plaintiff responds that she did not admit that the Credit Card Debt was dischargeable in Defendant's bankruptcy case but simply argued the matter to the State Court in the alternative. Plaintiff further urges that even if Plaintiff admitted the Credit Card Debt was dischargeable in Defendant's bankruptcy case, such admission is not conclusive because this Court has exclusive jurisdiction to determine the matter.

Judicial admissions are formal, deliberate admissions of fact that are conclusive in the litigation in which the admissions are made.[7] "[I]nconsistent statements made in the alternative are not formal, deliberate declarations that could reasonably be construed as judicial admissions."[8] The doctrine of judicial admissions applies only to admissions of act; it does not apply to admissions of legal conclusions or of propositions of law.[9] A judicial admission in one case does not have the conclusive effect of a judicial admission

---

[7] *U.S. Enertgy Corp. V Nuken, Inc.,* 400 F.3d 822, 833 n. 4(10th Cir 2005). However, a court may deny conclusive effect to a judicial admission if a pleading in which the admission is made is amended or the statement otherwise is withdrawn. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir.1995).
[8] *U.S. Enertgy Corp. V Nuken, Inc.*, 400 F.3d 822, 833 n. 4(10th Cir 2005) (internal citations omitted).
[9] *Guidry v. Sheet Metal Workers International Association, Local No. 9*, 10 F.3d 700, 716 (10th Cir. 1993). *Accord Stichting ter Behartiging Van de Be-Langen Van Oudaandeelhouders In Het Kapitaal Van Saybolt International B.V. (Foundation of the Shareholders' Committee Representing the Former Shareholders of Saybolt International B.V.) v. Schreiber*, 407 F.3d 34, 45 (2nd Cir. 2005); *In re Raymond Professional Group, Inc*., 2009 WL 2957306, *5 (Bankr. N.D.Ill 2009).

-5-

in a different case, but operates as an ordinary admission of a fact in the other case.[10] An ordinary admission of a fact is evidence but such evidence is not necessarily conclusive.[11]

Plaintiff's statement in the Second Motion to Enforce Settlement Agreement that she "is willing to concede that the debt would have been discharged in [Defendant's] bankruptcy proceeding" does not constitute a judicial admission for three reasons. First, it concedes a conclusion of law, not a statement of fact. Whether a debt is dischargeable under 11 U.S.C. § 523(a)(15) is a legal conclusion regarding the effect of findings of fact concerning the financial circumstances of the debtor and the relative hardships on the debtor and his or her former spouse if the debt is discharged.[12] An admission that a debt is dischargeable 11 U.S.C. § 523(a)(15), therefore, is an admission as to a conclusion of law to which the doctrine of judicial admissions does not apply. It is not an admission of a fact.

Second, Plaintiff's statement that she "is willing to concede that the debt would have been discharged in [Defendant's] bankruptcy proceeding" is not a formal, deliberate admission to which the doctrine of judicial admissions applies. Defendant was "willing to" make the admission if the State Court would award as damages interest that accrued after Defendant obtained a discharge, plus attorneys' fees and costs. It was in effect a conditional admission. There is no evidence before the Court that the condition occurred.

Third, Second, Plaintiff's statement in the Second Motion to Enforce Settlement Agreement is not a judicial admission because the admission was made in a different

---

[10] *In re Somerset Apts, Ltd.*, 2007 WL 552209, *4 (D. Neb 2007); *In re Raymond Professional Group, Inc.*, 2009 WL 2957306, *5 (Bankr. N.D.Ill 2009).
[11] *In re Somerset Apts*, at *4; *In re Raymond Professional Group, Inc.*, at *5.
[12] *See Educational Credit Management Corp. v. Polleys*. 356 F.3d 1302, 1304-06 (10th Cir. 2004) ( whether an educational loan would impose an "undue hardship" under 11 U.S.C. § 523(a)(8) is a conclusion regarding the legal
effect of the court's findings of fact as to the debtor's circumstances, and therefore is a conclusion of law).

-6-

Case 08-01128-j    Doc 19    Filed 11/05/09    Entered 11/05/09 11:25:23 Page 6 of 9

lawsuit. Finally, since it was not an admission of a fact, it is not an ordinary admission that serves as evidence.

Plaintiff's Motion for Summary Judgment

Plaintiff filed her own motion for summary judgment asserting that she is entitled to a judgment as a matter of law that Defendant's Indemnity Obligation is nondischargeable under 11 U.S.C. §523(a)(15).[13]

In cases filed prior to October 17, 2005, which includes Defendant's bankruptcy case, for Section § 523(a)(15) to apply,[14] a debt must be not be the kind of debt described in 11 U.S.C. § 523(a)(5), and must have been incurred in connection with a separation agreement, divorce decree or other order of a court of record, unless Subpart (A) or (B) applies. Under Subpart (A), for a debtor not engaged in business, the debt is dischargeable if "the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor." Under Subpart (B), the debt is dischargeable if "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse or child of the debtor."

---

[13] Section 523(a)(15), as applicable to this case, provides in relevant part that a debtor is not discharged for any debt:
> not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless-
>     (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>     (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse or child of the debtor.

[14] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended Section 523(a)(15) for cases filed on or after October 17, 2005. That amendment does not apply to Defendant's bankruptcy case, commenced in 2003.

Plaintiff urges that because Defendant did not notify Plaintiff of his chapter 7 case in time for Plaintiff to file a proof of claim and failed to schedule the Credit Card Debt, and because Plaintiff paid off the Credit Card Debt in order to refinance her residence, Defendant's obligation to Plaintiff to indemnify her with respect to the Credit Card Debt is nondischargeable under Section § 523(a)(15). Plaintiff admits that whether "Defendant has the ability to pay the debt from disposable income" is a disputed fact "to be determined at a trial on the merits." *See* Plaintiff's Motion for Summary Judgment, at 3.

Plaintiff has presented no evidence to support her motion for summary judgment regarding the following facts: (a) whether Defendant is engaged in business within the meaning of Section § 523(a)(15)(A); (b) whether Defendant has the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor; or (c) whether discharging the Indemnity Obligation would result in a benefit to the Defendant that outweighs the detrimental consequences to Plaintiff. Since Plaintiff's Motion was not properly supported by evidence as to material facts, the motion must be denied.

## CONCLUSION

The Court finds that the doctrine of judicial admissions does not apply as Defendant asserts. Therefore Defendant's Motion for Summary Judgment is denied. The Court further finds that Plaintiff has failed to provide admissible evidence sufficient to grant her Motion for Summary Judgment, and, therefore, Plaintiff's Motion for Summary Judgment is denied.

This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Rule 7052, Fed.R.Bankr.P.  Appropriate orders will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Entered on Docket Date: November 5, 2009

Copies to:
Ronald E Holmes
112 Edith Blvd NE
Albuquerque, NM 87102-3524
*Attorney for Plaintiff*

Daniel J Behles
Cuddy & McCarthy, LLP
7770 Jefferson NE, Suite 305
Albuquerque, NM 87109
*Attorney for Defendant*